**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis L. Wilson, ) | No. CV-08-8044-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff seeks judicial review under 42 U.S.C. § 405(g) of the Social Security Administration's decision that he is not eligible for disability benefits. We have before us plaintiff's motion for summary judgment (doc. 16), defendant's response (doc. 18), and plaintiff's reply (doc. 22). We also have before us defendant's cross-motion for summary judgment, statement of facts, and memorandum in support of the motion (docs. 19, 20, & 21).

**I**

Plaintiff filed an application for social security disability benefits on July 25, 2005, alleging a disability onset date of April 25, 2005. Plaintiff claimed to be disabled due to back surgeries, leg pain, Graves disease, bad knees, bilateral shoulder problems, sleep apnea, hepatitis C, and depression. The claim was denied both initially and upon reconsideration. After a January 29, 2007 hearing, the Administrative Law Judge ("ALJ") denied plaintiff's application for benefits by written decision on May 15, 2007. The ALJ concluded that

1  plaintiff's only severe impairments were degenerative disc disease and obesity. Tr. at 26-30.
2  The ALJ then concluded that, although plaintiff did not retain the residual functional capacity
3  to perform his past relevant work, Id. at 35, he retained the ability to perform a full range of
4  sedentary work. Id. at 31. This decision became the final decision of the Commissioner
5  when the Appeals Council denied plaintiff's request for review on February 28, 2008.
6  Plaintiff now seeks judicial review of this decision under 42 U.S.C. § 405(g).

An ALJ's decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Under this standard, an ALJ's findings must be upheld "if supported by inferences reasonably drawn from the record," even where "evidence exists to support more than one rational interpretation." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); see also 42 U.S.C. § 405(g). Plaintiff challenges the ALJ's conclusions regarding the severity of his mental impairments and his residual functional capacity to perform sedentary work as unsupported by substantial evidence and based on legal error.

**II**

Plaintiff first argues that the ALJ's decision that his mental problems are not a severe impairment was not based on substantial evidence because the ALJ relied on the opinion of a non-examining state agency physician. We disagree. "[R]eports of [a] nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). The ALJ based his decision on the record as a whole, and relied on the state agency physician's opinion only on the grounds that "it is consistent

1  with the overall evidence." Tr. at 29. The state agency physician's report may, therefore,
2  be relied upon as substantial evidence.[1]

3  Plaintiff also claims that the ALJ erred by failing to consider a November 30, 2005
4  worksheet prepared by one of plaintiff's treating physicians, Dr. McLaughlin, regarding
5  plaintiff's medical impairments. The November 30, 2005 worksheet was completed by Dr.
6  McLaughlin as part of a larger report for plaintiff's worker's compensation claim and
7  addressed his residual ability to work. The ALJ, therefore, considered this report in his
8  analysis of plaintiff's residual functional capacity. Id. at 32-34. Dr. McLaughlin's opinion
9  regarding plaintiff's mental impairment was rejected by the ALJ because it was inconsistent
10 with the opinion of Dr. Carris who was treating plaintiff for his depression. Id. at 34. The
11 ALJ properly used his discretion to resolve this conflict, and did not err in rejecting Dr.
12 McLaughlin's opinion regarding plaintiff's mental health. See Thomas v. Barnhart, 278
13 F.3d 947, 956-57 (9th Cir. 2002) ("When there is conflicting medical evidence, the Secretary
14 must determine credibility and resolve the conflict.") (quotation omitted).

15 Plaintiff argues that the ALJ also committed legal error by failing to consider
16 plaintiff's global assessment of function ("GAF") scores. The GAF scale is a tool endorsed
17 by the American Psychiatric Association, which measures an individual's function and
18 limitations. Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain
19 Injury, 65 Fed. Reg. 50,746-01, 50,764 (Aug. 21, 2000) (to be codified at 20 C.F.R.
20 § 416.928). Although plaintiff's GAF score may have at times indicated serious impairment,
21 GAF scores do not "have a direct correlation to the severity requirements in [the Social
22 Security Administration's] mental disorders listings." Id. at 50,764-65. Moreover, the ALJ

---

[1]Plaintiff also contends that the ALJ improperly relied on the state agency physician's opinion because the opinion was given on December 28, 2005, and did not, therefore, consider any evidence after that date. We reject this argument because the ALJ considered evidence of plaintiff's condition after December 2005 and found the agency physician's opinion to be consistent with the record as a whole. Id.

- 3 -

1  considered plaintiff's fluctuating GAF scores, and concluded that plaintiff's "medical
2  impairments had not been at a serious level for 12 continuous months." Tr. at 28-29.

3  The ALJ's conclusion that plaintiff's depression is non-severe was a rational
4  interpretation of the record based on substantial evidence and without legal error. See Orn
5  v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) ("'Where evidence is susceptible to more than
6  one rational interpretation,' the ALJ's decision should be upheld.") (quotation omitted).
7  Accordingly, we affirm the ALJ's determination that plaintiff's mental condition is not a
8  severe impairment.

**III**

10 Plaintiff also challenges the ALJ's determination that, despite his severe lumbar
11 impairments, he maintained the residual functional capacity to perform sedentary work.
12 Plaintiff first argues that the ALJ improperly discredited his subjective complaints of pain.
13 We agree. Once a claimant has produced evidence of a severe impairment, an ALJ "may not
14 discredit the claimant's testimony as to subjective symptoms merely because they are
15 unsupported by objective evidence." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)
16 (citation omitted). The ALJ must provide "clear and convincing" reasons for rejecting
17 plaintiff's complaints and "must identify what testimony is not credible and what evidence
18 undermines the claimant's complaints." Id. Where an "ALJ's credibility finding is supported
19 by substantial evidence in the record, we may not engage in second-guessing." Thomas, 278
20 F.3d at 958-59. The ALJ articulated three reasons in support of his credibility determination,
21 but his findings are not supported by substantial evidence in the record.

22 First, the ALJ found that the medical evidence did not fully support plaintiff's
23 allegations. The record, however, shows a pattern of escalating treatment for pain
24 management. The ALJ stated a detailed summary of the plaintiff's medical records, but
25 focused primarily on the progression of plaintiff's range of movement without addressing the
26 evidence of plaintiff's consistent subjective complaints. For example, the ALJ "gave weight"
27 to an August 1, 2006 doctor's examination, but focused only on plaintiff's objective
28 symptoms and failed to address the portion of the doctor's report referring plaintiff to a pain

1 management specialist. Tr. at 34, 330-31. Moreover, the ALJ did not discuss the progress
2 notes from Dr. Charles H. Tadlock, whom plaintiff began to see for pain management in
3 October 2006.

4 Second, the ALJ determined that plaintiff's activities were inconsistent with his
5 testimony regarding his pain. "[D]aily activities may be grounds for an adverse credibility
6 finding 'if a claimant is able to spend a substantial part of his day engaged in pursuits
7 involving the performance of physical functions that are transferable to a work setting.'"
8 Orn, 495 F.3d at 639 (quotation omitted). To find that plaintiff's activities warrant a negative
9 credibility determination, "[t]he ALJ must make 'specific findings relating to [the daily]
10 activities' and their transferability." Id.

11 On January 10, 2006, one of plaintiff's treating physicians noted that plaintiff's only
12 indoor interests are watching movies and playing video games. Tr. at 374. The physician
13 did not, however, address how often or for how long plaintiff is able to do either. Id. The
14 ALJ relied on this notation to conclude that plaintiff has the residual functional capacity to
15 concentrate for prolonged periods because he plays video games. Id. at 34-35. A single stray
16 comment regarding the fact that plaintiff has an interest in video games does not provide
17 substantial evidence that plaintiff is able to concentrate. Indeed, we could find no other
18 evidence in the record to support a finding that plaintiff is able to concentrate for prolonged
19 periods or that plaintiff even plays video games.

20 The ALJ also concluded that plaintiff's twelve hour car trip to arrive at the hearing
21 was consistent with "a full range of sedentary work." Id. at 35. We disagree. The record
22 does not include any evidence regarding the amount of time plaintiff was able to drive, the
23 amount of pain plaintiff suffered on the journey, or the manner and position in which plaintiff
24 traveled. In addition, from the record, plaintiff's trip appears to be an isolated incident for
25 a very particular circumstance and not a daily, or even frequently occurring, activity. That
26 plaintiff was able to drive or ride in a car for twelve hours once is not necessarily consistent
27 with an ability to work eight hours five days a week or perform the other functions necessary
28 for sedentary work. See 20 C.F.R. § 404.1567(a) (defining sedentary work).

1      The ALJ also rejected plaintiff's subjective complaints because of his personal
2 observations of plaintiff at the hearing. Tr. at 35. However, "[t]he ALJ's observations of a
3 claimant's functioning may not form the sole basis for discrediting a person's testimony."
4 Orn, 495 F.3d at 639. Because we have rejected the ALJ's other reasons, his personal
5 observations alone cannot support an adverse credibility finding. We conclude, therefore,
6 that the ALJ has failed to provide specific, clear and convincing reasons for discounting
7 plaintiff's subjective complaints of pain.
8      Finally, plaintiff argues that Dr. McLaughlin's conclusion that he was "off work
9 indefinitely" is entitled to controlling weight, or that, at the very least, the ALJ improperly
10 failed to provide specific, legitimate reasons for disregarding this opinion. As part of his
11 November 30, 2005 report, Dr. McLaughlin completed a medical source statement regarding
12 plaintiff's maximum medical improvement. Tr. at 392-410. In this statement, Dr.
13 McLaughlin concluded that plaintiff: could stand, walk, or sit for a total of three hours during
14 an eight hour workday; could never bend, squat, crawl, or climb a ladder; could tolerate work
15 for zero hours in a day; and would be unable to perform work for more than ten days per
16 month. Id. at 392-93. Dr. McLaughlin also concluded that "overall when taking [plaintiff's]
17 multiple co-morbid issues and his 2 lumbar surgeries, pain and depression, I think he is off
18 work indefinitely." Id. at 396. Nonetheless, the ALJ gave this opinion "little weight"
19 because "[t]his opinion was offered less than 12 months after the alleged onset date," and
20 because "[t]he medical evidence shows that claimant's pain complaints became better
21 controlled with medication and control of his mental impairments." Id. at 33.
22      A treating physician's opinion is entitled to controlling weight where it is
23 "well-supported by medically acceptable clinical and laboratory diagnostic techniques and
24 is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R.
25 § 404.1527(d)(2). Even where a treating physician's opinion is not "well-supported," the
26 ALJ may not disregard the opinion without "setting forth specific, legitimate reasons for
27 doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d
28 499, 502 (9th Cir. 1983). The ALJ must consider certain specific factors, including the

- 6 -

1  nature and extent of the treatment relationship, when deciding how much weight to afford
2  the opinion. 20 C.F.R. § 404.1527(d)(2)(i)-(ii); Orn, 495 F.3d at 631.

3        Dr. McLaughlin's opinion is not "well-supported" by objective clinical evidence and,
4  is not, therefore, entitled to controlling weight in this case. Nonetheless, the ALJ failed to
5  provide specific, legitimate reasons for rejecting Dr. McLaughlin's opinion. Even though
6  it was provided less than twelve months after plaintiff's alleged onset date, Dr. McLaughlin's
7  opinion addressed plaintiff's maximum improvement. In addition, the ALJ's conclusion that
8  plaintiff's pain became controlled by medication after the opinion was offered is, for the
9  reasons discussed, not supported by the record. The ALJ also failed to consider the required
10 factors in deciding the proper weight to give to Dr. McLaughlin's opinion. Id.

11       Accordingly, this case must be remanded so that the ALJ may provide clear and
12 convincing reasons for disregarding plaintiff's subjective complaints and so that the ALJ may
13 properly consider Dr. McLaughlin's November 30, 2005 opinion.

### IV

15 **IT IS THEREFORE ORDERED, DENYING** plaintiff's motion for summary
16 judgment (doc. 16), and **DENYING** defendant's cross-motion for summary judgment (doc.
17 19) and **REMANDING** the case to the Commissioner under sentence four of 42 U.S.C.
18 § 405(g) for further consideration in accordance with this order. The clerk is directed to
19 enter final judgment in this case.

20       DATED this 13th day of May, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge